# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SERENA L. PEMBERTON,           )
                               )
          Plaintiff,           )
                               )  CIVIL ACTION
v.                             )
                               )  No. 14-2340-JWL
CAROLYN W. COLVIN,             )
Acting Commissioner of Social Security, )
                               )
          Defendant.           )
_____)

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) questioning of the vocational expert (VE), the court ORDERS that the final decision of the Commissioner shall be REVERSED, and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

**I.     Background**

Plaintiff applied for DIB, alleging disability beginning July 17, 2007. (R. 10, 159). She exhausted proceedings before the Commissioner, and now seeks judicial review of the decision denying benefits. Plaintiff argues that the ALJ erred in evaluating opinions

of medical and mental healthcare providers, that his residual functional capacity (RFC) assessment is not supported by record evidence, and that his step five analysis contains errors, including a failure to follow the directives of Social Security Ruling (SSR) 00-4p.

The Act guides the court's review. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, a limited burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed between steps three and four of the sequential process. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ applied the incorrect legal standard at step five of the sequential evaluation process, and failed to ask the VE if the evidence she provided conflicts with information provided in the Dictionary of Occupational Titles (DOT) as is required by SSR 00-4p.  Because this error requires remand, the court will not address the other errors alleged in Plaintiff's Brief.  She may address those issues to the Commissioner on remand.

## II.     Discussion

Plaintiff points out that in sedentary work, sitting should generally total approximately six hours in an eight-hour workday, and that the ALJ assessed Plaintiff with the ability to sit only four hours in an eight-hour workday.  (Pl. Br. 22-23) (citing R. 15, SSR 83-10).  She notes that the representative jobs provided by the VE's testimony are classified in the DOT as sedentary work, and argues that the VE's testimony that Plaintiff can perform those representative jobs is in conflict with the DOT. Id. at 23.  She argues that SSR 00-4p requires the ALJ to recognize the conflict and ask the VE to reconcile the conflict.  (Pl. Br. 23).  Finally, she argues that "the ALJ did not fulfill his duty pursuant to SSR 00-4p, to ask the VE if her testimony was consistent with the DOT nor did he ask her to explain how any conflicts were resolved," and asks the court to reverse the decision because of this error. Id. at 24.  The Commissioner argues that "a limitation to standing/walking and sitting for four hours each in an eight-hour day is not

necessarily inconsistent with the requirements of sedentary work" because SSR 83-10 requires only that in sedentary work sitting should <u>generally</u> total approximately six hours of an eight-hour workday.  (Comm'r Br. 22-23).  She acknowledges that the ALJ did not ask the VE if her testimony was consistent with the DOT, but argues that any error in that regard is harmless because in this case there are no inconsistencies between the VE testimony and the DOT.  <u>Id.</u> at 23.

As both parties agree, the ALJ did not ask the VE if her testimony conflicts with the DOT.  Moreover, as Plaintiff's brief suggests, SSR 00-4p provides that an ALJ "has an affirmative responsibility to ask about any possible conflict" between VE evidence and the DOT.  West's Soc. Sec. Reporting Serv., Rulings 246 (Supp. 2014).  The Ruling requires that "[i]n these situations, the adjudicator will:  Ask the VE or VS [(vocational specialist)] if the evidence he or she has provided conflicts with information provided in the DOT."  <u>Id.</u>  It is clear that the ALJ in this case erred in failing to ask the VE if her testimony conflicts with the DOT.  The question is whether this error is harmless.

The Commissioner argues that it is.  And, the ALJ "determined that the vocational expert's testimony is consistent with the information contained in the <u>Dictionary of Occupational Titles</u>."  (R. 21) (citing "Testimony," Ex.8B).  But, as noted above, the hearing testimony does not reveal that the VE testimony is consistent with the DOT, and Ex. 8B is merely the VE's resume, which says nothing regarding consistency or conflict between the VE's testimony and the DOT.  And, as Plaintiff points out, SSR 83-10 explains that sedentary work generally requires the ability to sit for about six hours in an

eight-hour workday, whereas the ALJ found that Plaintiff can sit for only four hours in a workday.

The Commissioner argues that sedentary work only generally requires the ability to sit for about six hours, and that there is no inconsistency in this case.  While it is true that sedentary work only generally requires the ability to sit for about six hours, there is no evidence in the administrative record in this case that the particular sedentary jobs at issue here--document preparer, and stuffer--require the ability to sit for only four hours in a workday.  And, such evidence would be in this record if the ALJ had fulfilled his duty pursuant to SSR 00-4p, and had asked the VE if there were any conflict between her testimony and the DOT.  While it may be true that these jobs require the ability to sit for only four hours in a workday, the record evidence does not reveal it, and neither this court nor the ALJ in this case is qualified as a vocational expert to make that determination.  Therefore, remand is necessary for further proceedings to answer the question.

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner shall be REVERSED, and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 2nd day of July 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**